UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE WILLIAM WATSON,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN SMITH, Warden,<br><br>Respondent. | No. 1:24-cv-00567-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 13) |

Petitioner Dale William Watson is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 22, 2024, the assigned magistrate judge issued findings and recommendations to deny the petition on its merits. Doc. 13. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On September 26, 2024, petitioner filed objections to the findings and recommendations. Doc. 14.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, petitioner acknowledges that under *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009), a state court does not fail to apply "clearly established Federal law[] as determined by the Supreme Court of the United States" when there is no Supreme Court decision governing an issue. *See* Doc. 14 at 1. Petitioner argues that *Strickland v. Washington*, 466 U.S. 668 (1984), set out clearly established law that the state court should have applied in resolving his first claim. Petitioner's first claim challenges the sufficiency of the evidence to support the jury's finding that he was competent to stand trial under the Due Process clause. Doc. 1 at 5. *Strickland*, in contrast, set out the standard for ineffective assistance of counsel under the Sixth Amendment; it had nothing to do with sufficiency of the evidence to find a defendant competent to stand trial. *See Strickland*, 466 U.S. at 671–700. This objection is therefore without merit. Petitioner's remaining objections repeat arguments he made in his petition, each of which was correctly addressed by the findings and recommendations.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

1 In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 22, 2024, Doc. 13, are adopted in full;

2. The petition for writ of habeas corpus is denied with prejudice;

3. The Clerk of Court is directed to enter judgment and close the case; and

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 19, 2025

UNITED STATES DISTRICT JUDGE

3